## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

TREVOR DARROW,                          |
                                        |
     Plaintiff,                        |
vs.                                     |
                                        |
JUST BRANDS USA, INC.,                  |
JUST BRANDS, FL, LLC, and               |
SSGI FINANCIAL SERVICES, INC.           |
                                        |
     Defendants.                       |

## CLASS ACTION COMPLAINT

Plaintiff, Trevor Darrow, on behalf of himself and all others similarly situated, by and through his undersigned counsel, brings this action against Defendants for violations of the Illinois Consumer Fraud and Deceptive Trade Practices Act, 815 ILCS 505/1, *et seq*.

## NATURE OF THE ACTION

1.     This is a putative class action lawsuit on behalf of purchasers of "JustCBD" products in the State of Illinois. Defendants manufacture, label, distribute, and sell "JustCBD" products in the State of Illinois. Defendants' "JustCBD" products contain a label that there is "NO THC". However, Defendants' "JustCBD" products contain THC.

2.     According to the World Health Organization (WHO), cannabidiol (or "CBD") is a naturally occurring cannabinoid found in cannabis plants. CBD is used

by consumers for numerous medical conditions, including without limitation, epilepsy, insomnia, chronic pain, arthritis, and anxiety.

3.      According to the National Institute of Health (NIH), delta-9-tetrahydrocannabinol (or "THC") is the main psychoactive chemical in marijuana.

4.      While Defendants manufacture, label, distribute, and sell "JustCBD" products as having "NO THC", Defendants' "JustCBD" products contain THC.

5.       Since 2017, Defendants have advertised "JustCBD" products as having "NO THC". Defendants made that representation on its "JustCBD" CBD Cannabidiol Gummies, as advertised below.





6.     Substantially the same advertisement and misrepresentation was made on other "JustCBD" products.



7.      Those advertisements were false, however, because the "JustCBD" products contain THC.

8.      As a result of the Defendants' misrepresentation, Plaintiff Darrow ate "JustCBD" gummy watermelon rings and, as a result, failed an employment drug test due to the presence of THC in his system.  He was terminated as a result.

9.      Plaintiff brings this action to recover actual damages for himself and other similarly situated purchasers of the "JustCBD" products.

## JURISDICTION & VENUE

10.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332(a)(1), because the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different states; and 28 U.S.C. §1332(d)(2)(A), because the matter in controversy exceeds the sum or value of $5,000,000 exclusive of interest and costs, and is a class action in which at least one member of the class of plaintiffs is a citizen of a state different from Defendants. The Court also has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

11.      The Court has personal jurisdiction over Defendants as a result of Defendants' substantial, continuous and systematic contacts with Illinois and because Defendants have purposely availed themselves of the benefits and privileges of conducting business activities within Illinois.

4

12.     Venue is proper in the Eastern District pursuant to 28 U.S.C. § 1391(b) and (c), because Defendants are subject to personal jurisdiction in this District, and a substantial part of the events or omissions giving rise to the claims occurred in this District.

## PARTIES

13.     Plaintiff, Trevor Darrow, is a resident of Illinois and a citizen of the State of Illinois.

14.     Defendants are Florida corporations with their principal place of business in Coral Springs, Florida and are citizens of the State of Florida.

15.     Defendant, Just Brands USA, Inc. ("Just Brands USA"), sells, and/or globally distributes "JustCBD" branded products, and is responsible for the advertising, marketing, and for packaging of CBD-infused edibles, oils, tinctures, creams, and vapes, including the "JustCBD" products. Just Brands USA manufactured, marketed, and/or sold the "JustCBD" products during the relevant Class period.

16.     Defendant, Just Brands FL, LLC ("Just Brands FL"), manufactures, sells, and/or globally distributes "JustCBD" branded products, and is responsible for the advertising, marketing, and for packaging of CBD-infused edibles, oils, tinctures, creams, and vapes, including the "JustCBD" products. Just Brands FL

manufactured, marketed, and/or sold the "JustCBD" products during the relevant Class period.

17.     Defendant, SSGI Financial Services, Inc. ("SSGI"), manufactures, sells, and/or globally distributes "JustCBD" branded products, and is responsible for the advertising, marketing, and packaging of CBD-infused edibles, oils, tinctures, creams, and vapes, including the "JustCBD" products. SSGI manufactured, marketed, and sold the "JustCBD" products during the relevant Class period.

18.     Based on information and belief, SSGI - - as the parent company of Just Brands USA and Just Brands FL - - dominates and controls all aspects of operations and corporate decision-making. By way of illustration, the online retail site operated by Defendants, "www.justcbdstore.com", acknowledges specifically "SSGI Financial Services" and that "Just Brands USA" is a "DBA" entity for SSGI. In addition, all Defendants share the same principal address in Coral Springs, Florida and primary officer and director, Stephen Iacona.

19.     At all times relevant to the allegations in the Complaint, each Defendant acted in concert with, with the knowledge and approval of, and/or as the agent of the other Defendants within the course and scope of the agency, regarding the acts and misrepresentations alleged herein.

## **FACTS**

20. Defendants manufacture, market, and sell various "JustCBD" products, including without limitation, edibles, candies, vape cartridges, oils, tinctures, bars, creams, and dried fruits. All such "JustCBD" products advertise "NO THC" or "THC Free" even though the products contain THC.

21. Reasonable consumers read and understand "NO THC" or "THC Free" to mean there is no THC in the "JustCBD" products and that the products are free of any THC.

22. On or about July 29, 2019, Plaintiff purchased Defendants' "JustCBD" gummies from a retailer in Illinois. The container for the "JustCBD" product contained the advertisement and misrepresentation shown above that the product contained "NO THC".

23. Plaintiff purchased the "JustCBD" product because he reasonably expected the product would help him sleep and that it did not contain any THC, as Defendants had advertised on the product label.

24. Defendants' "NO THC" representation was false and misleading to Plaintiff and other similarly situated consumers.

25. Defendants' "NO THC" representation was false because Defendants knew their "JustCBD" products contained THC. However, that knowledge was not advertised or communicated on the "JustCBD" products containers or labels.

26.     Plaintiff and other Class members detrimentally altered their positions and suffered actual damages as a result of the advertisement and misrepresentation that there was "NO THC" in the "JustCBD" products.

## CLASS ACTION ALLEGATIONS

27.     While reserving the right to redefine or amend the class definition prior to seeking class certification, pursuant to Federal Rule of Civil Procedure 23, Plaintiff seeks to represent a Class of all persons who, within three years of the filing of the Complaint (the "Class Period"), purchased in the State of Illinois, for use and not for resale or distribution, "JustCBD" products with the "NO THC" label (the "Class").

28.     The members in the proposed Class are so numerous that individual joinder of all members is impracticable, and the disposition of the claims of all Class members in a single action will provide substantial benefits to the parties and the Court.

29.     Questions of law and fact common to Plaintiff and the Class include:

   a.     Whether Defendants' use of the phrase "NO THC" created a likelihood of deception or had the capacity to deceive consumers about the presence of THC in the "JustCBD" products.

   b.     The actual damages suffered as a result of Defendants' deceptive labeling practices. And,

c.     The proper amount of punitive damages, attorneys' fees and other recoverable remedies under the Illinois Consumer Fraud and Deceptive Business Practices Act.

30.     Those common questions of law and fact predominate over questions that affect only individual Class members.

31.     Plaintiff's claims are typical of Class members' claims because they are based on the same underlying facts, events, and circumstances relating to Defendants' conduct.  Specifically, all Class members, including Plaintiff, were subjected to the same misleading and deceptive conduct when they purchased the "JustCBD" products, and suffered actual damages because the "JustCBD" products misrepresented to consumers that there was "NO THC" in substantially the same way.

32.     Plaintiff will fairly and adequately represent and protect the interests of the Class; he has no interests incompatible with the interests of the Class; and he has retained counsel competent and experienced in class action litigation.

33.     Class treatment is superior to other options for resolution of the controversy because the relief sought for each Class member is small, such that, absent representative litigation, it would be infeasible for Class members to redress the wrongs done to them.

34.     As a result of the foregoing, class treatment is appropriate under  Fed.

R. Civ. P. 23(a), 23(b)(2), and 23(b)(3). In addition, it may be appropriate, pursuant to Fed. R. Civ. P. 23(c)(4), to maintain this action as a class action with respect to particular issues.

## CAUSE OF ACTION

### Count I
### Violation of the Illinois Consumer Fraud and Deceptive
### Business Practices Act 815 ILCS 505/1, *et seq.*

35.    The Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1, *et. seq.* makes it unlawful to employ "[u]nfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact … in the conduct of any trade or commerce."  815 ILCS 505/2.

36.    As detailed throughout Plaintiff's Complaint, Defendants represented to Plaintiff and consumers there was "NO THC" in their "JustCBD" products when in fact Defendants knew there was THC in the products.

37.    Defendant violated Section 505/2 of the Illinois Consumer Fraud and Deceptive Business Practices Act by misrepresenting that there was "NO THC" in the "JustCBD" products.

38.    Plaintiff and the Class were damaged by Defendants' deceptive

practices and their subsequent purchases of "JustCBD" products. Plaintiff and the Class would not have purchased "JustCBD" products had the true facts about the presence of THC in the products been known.

## PRAYER FOR RELIEF

Wherefore, Plaintiff, on behalf of himself and all others similarly situated, prays for judgment against Defendants, and the following remedies:

      a.    An Order declaring this action to be a proper class action, appointing Plaintiff as class representative, and appointing his undersigned counsel as class counsel;

      b.    An Order requiring Defendants to bear the cost of class notice;

      c.    An Order compelling Defendants to conduct a corrective advertising campaign;

      d.    An Order requiring Defendants to pay all actual, compensatory, and punitive damages (as allowed by law) permitted under the Illinois Consumer Fraud and Deceptive Business Practices Act;

      e.    Pre- and post-judgment interest (as allowed by law);

      f.    An award of attorneys' fees and costs; and

      g.    Such other and further relief for Plaintiff and the Class as the Court deems appropriate and just.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

Dated: October 28, 2019

Respectfully Submitted,

By:    /s/ David Fish

 David Fish
The Fish Law Firm, P.C.
200 E. 5th Avenue, Suite 123
Naperville, IL 60563
(630) 355-7590 Direct
(630) 778-0400 Facsimile
dfish@fishlawfirm.com
IL No. 6269745

Aaron Rapier
Rapier Law Firm
1770 Park St., Suite 200
Naperville, IL 60563
T: (815) 782-5478
F: (815) 327-3449
arapier@rapierlawfirm.com
IL Nos. 6270472

*Attorneys for Plaintiff and all
others similarly situated*